UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20988-CIV-MORENO

AMTRUST BANK; AMT CADC VENTURE,
LLC; CALIFORNIA COVE AT SAN ELIJO,
LLC,

       Plaintiffs,

vs.

MARIO ALVAREZ and LUIS TRUJILLO,

       Defendants.
_____/

**ORDER DENYING NON-PARTIES' VERIFIED MOTION WITH LEAVE TO REFILE
AFTER FULFULLING THE CONFERAL REQUIREMENT**

THIS CAUSE came before the Court upon Non-Parties, Alvarez & Alvarez Irrevocable Trust's and Magali Alvarez's Verified Motion for Protective Order (**D.E. 66**), filed on **June 16, 2020**.

THE COURT has considered the Verified Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Despite seeking a protective order under Federal Rule of Civil Procedure 26(c), the Verified Motion does not, as Rule 26(c)(1) requires, "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* D.E. 66. The Non-Parties thus fail to comply with the very provision that they seek protection under.

But that is not all. By failing to include a certification that the Non-Parties conferred with the Judgment Assignee prior to filing the Verified Motion, the Non-Parties also fail to comply with Southern District of Florida Local Rule 7.1(a)(3). This rule, which "ha[s] 'the force of law' and

should be followed," *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010) (quoting *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (*per curiam*), requires that:

> Prior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

S.D. Fla. Local Rule 7.1(a)(3). This rule further provides that "[i]f certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved." *Id.* And finally, "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id.*

"It is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch *personally* to resolve discovery disputes and it should be a *rare* occasion when the court is called upon to resolve such disputes." *Taylor v. Fla. Atl. Univ.*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (denying motion for protective order) (emphases in original).

Given that the parties already set out their positions in their briefs, the Court is confident that by following the letter and spirit of these discovery rules the parties, through very capable

- 3 -

counsel, will be able to resolve all issues or fashion some creative solution that satisfies all affected parties' interests.

For all these reasons, it is

**ADJUDGED** that the Verified Motion is **DENIED** with leave to refile after the movants confer with other affected parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th of August 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Mario Alvarez
4301 Collins Ave., Apt. 1005
Miami Beach, FL 33140