UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-20988-CIV-MORENO**

AMTRUST BANK; AMT CADC VENTURE,
LLC; CALIFORNIA COVE AT SAN ELIJO,
LLC,

        Plaintiffs,

vs.

MARIO ALVAREZ and LUIS TRUJILLO,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER

THIS CAUSE came before the Court upon VERIFIED AMENDED MOTION FOR PROTECTIVE ORDER **(D.E. 73)**, filed on **August 13, 2020**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

### I. Background

Original Plaintiff AmT CADC Venture won a judgment against Mario Alvarez in the amount of $24,620,188.41. The judgment was awarded in the U.S. District Court for the Southern District of California, and was registered in this Court in 2017. The judgment was then assigned to Cadles of West Virginia. Cadles served Wells Fargo with a subpoena to produce eleven categories of documents or records pertaining to the Alvarez & Alvarez Irrevocable Trust. The Trust is a non-party and now moves for a protective order on behalf of Wells Fargo pursuant

to Fed. R. Civ. P. 26(c). The motion has been ripe since August 2020. The Trustee of the Trust is Mario Alvarez's mother. Cadles has already taken the Trustee's deposition.

Movant argues the subpoena seeks private information of a deceased person and the Trust, which the Trustee claims does not owe any money to Alvarez. Alvarez has not responded to any discovery requests, however the Trustee (Alvarez's mother) has been deposed. She denies the Trust is in anyway indebted to Judgment Debtor, but Cadles responds that her testimony was inconsistent, and the Court need not credit it. Mrs. Alvarez's deposition transcripts show two pieces of evidence that point to Mario Alvarez's involvement with the Trust. 1) A letter from a CPA that indicates the Trust was paying Alvarez's credit card bills at one point and 2) The Trust purchased a separate judgment of about $14M against Alvarez for $60K—apparently because Alvarez's Mom just wanted to help him out.[1]

On the other hand, Cadles argues that Defendant-Alvarez is the beneficiary of the Trust. They argue they are entitled to the **Trust's *previous* distributions** to Alvarez to determine whether Alvarez has assets that are executable. Cadles writes, "there appear to be various companies affiliated with the Trust, and potentially, Mario Alvarez. Cadles obtained a Mortgage, Security Agreement, and Financing Statement in which Magali Alvarez mortgaged certain property in Hawaii on behalf of the Trust." The Mortgage indicates it was for approximately $1.6M and was used to secure loans taken out by various companies—not the Trust. Cadles argues it needs this discovery in order to determine whether there is a relationship between the Trust and these companies. However, Cadles does not include any evidence linking Mario Alvarez to these other companies. Finally, Cadles claims it is investigating an alter ego claim against the Trust, and thus this discovery is legally permissible. *Democratic Republic of Congo v. Air Cap. Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018). But

---

[1] This may be because Mario Alvarez Jr. used to be a Trustee, but is no longer a Trustee.

2

again, there is no evidence that would support such a claim at this time. Cadles also seeks Alvarez's **bank records** that are held at Wells Fargo. Movant argues the subpoena actually seeks bank records of Alvarez's *father* because there is some confusion about whether debtor goes by Mario Alvarez or Mario R. Alvarez.

In its reply, Movant says these are all third-party documents that have nothing to do with the judgment. The Trust was established by the Judgment Debtor's mother and father in 2001, and it is an irrevocable trust. There are currently nine beneficiaries of the Trust: Judgment Debtor, his brother George Alvarez, Judgment Debtor's two children, and George Alvarez's five children. Any personal interest that Alvarez had in trust assets has since been transferred to the Trust. Additionally, Movant argues the bank account sought by Cadles is a Trust asset, and Trustee is the sole signer on the account. Thus, it should not be subject to the subpoena because it belongs to a non-party. Finally, even if Cadles was entitled to previous distributions, Movant argues, they should be subpoenaing the Trust itself—not its bank.[2]

## II. Analysis

While the scope of discovery directed at judgment debtors is broad, third parties are generally only examined "as to the judgment debtor's assets and are not required to disclose their own assets." *Democratic Republic of Congo v. Air Cap. Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018) (quoting *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993)). Movant argues there is good cause for a protective order because Wells Fargo is prohibited from releasing the information due to Florida financial privacy laws. Of course, the privacy law can be overcome by a showing that the documents are relevant and that the need for the documents outweighs the countervailing

---

[2] Movant also notes that these documents would be of no use because Cadles is not possibly entitled to a garnishment due to 1) a spendthrift provision and 2) the trust is generation-skipping.

interest of confidentiality. *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008) ("However, a third-parties' assets may be discoverable upon a 'heightened showing of necessity and relevance,' meaning 'at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor,' is generally warranted.") (internal citation omitted); *see also 2245 Venetian Court Bldg. 4, Inc. v. Harrison*, 149 So. 3d 1176, 1179 (Fla. 2d DCA 2014) ("[W]e have ... held that a nonparty may be subject to post judgment discovery where the judgment creditor can provide a good reason and close link between the unrelated entity and the judgment debtor.") (cleaned up).

The Court should only grant the protective order if it finds that Cadles has produced sufficient evidence of a relationship between the Trust and Alvarez. *See Fed. Deposit Ins. Co. v. Florescue*, No. 8:12-CV-2547-T-30TBM, 2014 WL 12617810, at *2 (M.D. Fla. June 27, 2014) ("Disclosure, however, is appropriate only upon a showing by the party seeking disclosure that the production of a nonparty's confidential financial information is relevant and its need for the documents outweighs the countervailing interests in maintaining the confidentiality of the information.").

According to the Trustee's declarations, Alvarez is not a beneficiary of the Trust. And to the extent Cadles seeks the Trust's previous distributions, it is not clear why Cadles could not accomplish their goal by examining Alvarez's bank accounts. Even if the Trust previously distributed to Alvarez, if the money is not currently in his bank account, it will not be of much use to Cadles.

Ultimately, Cadles does not show enough of a connection between Alvarez and the Trust to overcome the general rule that a nonparty's financial information should remain confidential. Deposition testimony that indicates the Trust may have paid Alvarez's credit card bill once is

4

insufficient to dig into a non-party's financial records. Especially when considering the records indicate the Trust paid his credit card bills as reimbursement for outlays Alvarez made on behalf of Trussnet Corporation. Nor is the Trust's purchase of a separate debt of Alvarez's at an unspecified time in the past sufficient to raise questions of the Trust being used as an alter ego.

However, the Court denies the motion for protective order when it comes to discovering Mario Alvarez's accounts with Wells Fargo. No third-party information is at issue there, and one of the accounts appears to be linked to Mario Alvarez's social security number. If the bank account that Cadles alleges is linked to Alvarez at Wells Fargo actually turns out to be owned by the Trust, Wells Fargo can simply produce proof of that fact. Thus, the Court **grants** the protective order to the extent that Cadles' subpoena seeks documents relating to the Alvarez & Alvarez Revocable Trust, but **denies** it to the extent that Cadles' subpoena seeks documents regarding accounts in Mario R. Alvarez's name.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th of April 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record